79,795-02

CAUSE NO. WR-79,795-02

RECEIVED IN

EX PARTE                              §      IN THE TEX**COURT OF CRIMINAL APPEALS**

                                       §      COURT OF        **DEC 30 2014**

CHARONE WYNN                    §      CRIMINAL APPEALS

                                              **Abel Acosta, Clerk**

### RESPONSE TO COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court has adopted the State's Proposed Findings of Fact and Conclusions of Law and Order in this case. The Court has made findings of fact without a hearing, affidavits or any other mechanism for Wynn to develop evidence in support of his claims.

Even worse, the Court has found facts based on none existent memory of the events,(he was not the trial judge) putting material issues of fact in dispute.

Wynn at the least is entitled to have trial counsel answer these allegations in a sworn affidavit. Due Process affords a habeas petitioner the right to a fair opportunity in state court to discover and present potentially exculpatory evidence that was not contained in the record or on direct appeal. see **District Attorney's Office v. Osbourne,**557 U.S. 52(2009)

The First Court of Appeals and the trial Court's findings on why Wynn was handcuffed at trial are in error and are unsupported by sufficient evidence. see **Wiggins v. Smith,** 539 U.S. 510(2003)

1

The trial judge in answer to a question by a neniremember gave his reasoning for shackling Wynn. "Well, he is in custody. People who are in custody are kept in jail."(R.R.3 at 23) The Court went on to state, "When he is not in my courtroom he's locked up in a cell. When he is in my courtroom, he's going to be handcuffed. That's my decision."(R.R.3 at 24) The trial court's reasoning placed the the blame squarely on Wynn. By this reasoning if Wynn could have afforded to make bail he would not have been handcuffed. The venireperson's response of "I understand why he wanted the jumpsuit.", is even more telling of the effect this had on the jury.

The reasoning that the court gave for the handcuffing after these events had taken place is purely deceptive measures by the court. Wynn did in fact stand mute, which was a nonviolent protest of his treatment. The court sought to cloak its misconduct from any further judicial scrutiny. The facts are that the court was going to handcuff Wynn no matter what. That is in fact what the court told the jury, before he made any justifications on record for his handcuffing of Wynn.

When trial counsel objected to the shackling of Wynn he clearly stated that he would not be able to communicate with Wynn. (R.R.3 at 125-26) There is no way Wynn would know exactly what it is that his attorney would not have been able to communicate to him. Mr Duarte could and would have explained this to

2

to the court, if he had been ordered to submit a sworn affidavit answering the allegations of Wynn's habeas application. The trial court found that applicant has not proven that he could not communicate with trial counsel.(Findings of Fact #10) In fact trial counsel was the one who stated he would not be able to communicate with Wynn.

AEDPA's limits on federal fact development, combined with these practically non-existent fact development procedures on state habeas amounts to an unconstitutional "suspension of the writ." see **Boumedine v. Bush**,553 U.S. 723(2008)[A constitutionally adequate habeas corpus proceeding must at least include a meaningful opportunity to satisfy the requirements of AEDPA.]

## CONCLUSION

Applicant prays that this honorable court will abate this proceeding and order the trial court to further develop the facts of this cause for the interest of justice.

Respectfully submitted,

CHARONE WYNN, PRO-SE
TDCJ-ID# 1318188
Telford Unit
3899 State Hwy 98
New Boston, Tx 75570

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the fore-going was mailed, postage prepaid, this _17th_ day of December, 2014 to Carolyn Allen, Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, texas 77002.

_Chrone Wynn_
AFFIANT